IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DREIMA ROBINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:18-CV-00012 |
| | § | |
| CORRECT CARE SOLUTIONS, LLC | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Correct Care, LLC (incorrectly named in the Petition as Correct Care Solutions, LLC") ("Defendant") petitions this Court, pursuant to 28 U.S.C. §1441, to remove this action from the 154th Judicial District Court, Lamb County, Texas to the United States District Court for the Northern District of Texas, Lubbock Division.

## BACKGROUND

1.    On November 14, 2017, Plaintiff filed her Original Petition (the "Petition") in the 154th Judicial District Court, Lamb County, Texas, captioned *Dreima Robinson vs. Correct Care Solutions, LLC*, Cause No. DCV-19817-17.    Therein, Plaintiff claims retaliation under Texas Health & Safety Code § 161.134, breach of contract, and negligent misrepresentation.

2.    Plaintiff served the Petition on Defendant via its registered agent on December 15, 2017.  This Notice of Removal, together with all process, pleadings, and orders served on Defendant, or otherwise on file in the lawsuit, are being filed in this Court within 30 days after the initial service of citation on Defendant.  The removal is therefore timely under 28 U.S.C. § 1446(b).

3.     Pursuant to Local Rule 81.1, an index of the documents filed in the state court action, the state court docket sheet, and copies of all documents filed in the state court action, other than discovery, are attached hereto as *Exhibit A*.  Defendant's Certificate of Interested Persons will be filed separately.  A copy of this Notice of Removal is also being filed with the clerk of the state court in which the state action was filed.

## GROUNDS FOR REMOVAL

### A.     Diversity Jurisdiction

4.     This Court has original jurisdiction of this cause pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship between Plaintiff and Defendant, and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Removal is appropriate pursuant to 28 U.S.C. § 1441 in that it is a civil action between diverse parties.

5.     Citizenship of Plaintiff.

Plaintiff is, and at all relevant times was, a resident of Lamb County, Texas.  Petition, ¶ 2.

6.     Citizenship of Defendant

The correct defendant—Correct Care, LLC— is a Florida limited liability company with its principal place of business in Deerfield Beach, Florida.  Plaintiff incorrectly named Correct Care Solutions, LLC as the defendant in the Petition, but even if that entity were the correct defendant, complete diversity would still exist.  Correct Care Solutions, LLC is a Kansas limited liability company with its principal place of business in Nashville, Tennessee.  As such, neither the correct defendant (Correct Care, LLC) nor the incorrect defendant (Correct Care Solutions, LLC) is a resident or citizen of the State of Texas.  *See* 28 U.S.C. § 1332(c)(1).

7.    <u>Amount In Controversy</u>

When a plaintiff's monetary demand is stated in her pleading, a defendant can rely on that allegation to meet the jurisdictional requirement for purposes of diversity jurisdiction. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F3d 489, 492 (5th Cir. 1996).  Here, Plaintiff's claims for damages in the Petition make clear she is seeking well over the $75,000 minimum amount in controversy required by 28 U.S.C. § 1332.  Specifically, Plaintiff alleges she is seeking "between $200,000 and $1,000,000" in damages.  Petition, ¶ 6.

## CONCLUSION

8.    The properly joined parties are diverse and it is clear from Plaintiff's Petition the amount in controversy exceeds the $75,000 threshold required for diversity jurisdiction. Accordingly, removal is proper on diversity grounds

WHEREFORE, Defendant gives notice that this action is hereby removed to the United States District Court for the Northern District of Texas, Lubbock Division.

Respectfully submitted,

*/s/ Gavin S. Martinson*
Gavin Martinson
State Bar No. 24060231
Gavin.Martinson@ogletreedeakins.com
Jeff T. Leslie
State Bar No. 24091294
Jeff.Leslie@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, TX 75225-4324
Telephone: 214-987-3800
Facsimile: 214-987-3927

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on January 12, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to all counsel of record.

*/s/ Gavin S. Martinson*
Gavin S. Martinson

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DREIMA ROBINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  5:18-cv-00012 |
| | § | |
| CORRECT CARE SOLUTIONS, LLC | § | |
| | § | |
| Defendant. | § | |
| | § | |

**INDEX TO DEFENDANT'S NOTICE OF REMOVAL**

| EXHIBIT | DATE OF DOCUMENT | DOCUMENT |
|---|---|---|
| 1 | November 14, 2017 | Plaintiff's Original Petition |
| 2 | January 4, 2018 | Defendant's Original Answer and Affirmative Defenses |

Respectfully submitted,

*/s/ Gavin S. Martinson*
Gavin Martinson
State Bar No. 24060231
Gavin.Martinson@ogletreedeakins.com
Jeff T. Leslie
State Bar No. 24091294
Jeff.Leslie@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, TX 75225-4324
Telephone: 214-987-3800
Facsimile:  214-987-3927

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 12, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to all counsel of record.

*/s/ Gavin S. Martinson*
Gavin S. Martinson

# EXHIBIT 1

Stephanie Chester
District Clerk
Lamb County, Texas
Reviewed By: Stephanie Chester

CAUSE NO. DCV-19817-17 _____

| | | |
|---|---|---|
| **DREIMA ROBINSON** | § | **IN THE 154TH DISTRICT COURT** |
| | § | |
| **v.** | § | **OF** |
| | § | |
| **CORRECT CARE SOLUTIONS, L.L.C.** | § | **LAMB COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Dreima Robinson, Plaintiff, complaining of Correct Care Solutions, Defendant, and for cause of action would respectfully show the court as follows:

1.

### DISCOVERY

Plaintiff pleads that discovery should be conducted in accordance with discovery control plan, Level 2, under the Texas Rules of Civil Procedure, Rule 190.3.

2.

### SERVICE OF PROCESS

Plaintiff is an individual who resides in Lamb County, Texas. Defendant operates a Texas civil commitment center located in Lamb County, Texas. Defendant may be served with process in this case by service upon its registered agent for service, Corporate Creations Network, Inc., 2425 West Loop South, No. 200, Houston, TX 77027.

3.

### JURISDICTION

1



This Court has jurisdiction because the amount in controversy is above the minimum jurisdictional limits of this court. Venue is proper in Lamb County, Texas because the defendant operates a facility in Lamb County, Texas and because all or a substantial part of this cause of action accrued in Lamb County, Texas.

4.

FACTS

Plaintiff is a registered nurse who was an employee of Defendant. She was employed by Defendant as a Health Service Administrator at its Littlefield, Texas facility from August 31, 2016 until she was fired on May 18, 2017. At the time she was fired, Plaintiff earned approximately $95,000.00 per year.  Defendant provides healthcare within and operates the Texas Civil Commitment Center in Littlefield, Texas. As part of its services, Defendant provides healthcare for sexually violent predators. As a healthcare and treatment facility, Defendant is subject to the various laws, rules and regulations concerning the care and treatment of residents by a treatment center, as well as laws concerning the treatment of nurses and other employees who report or attempt to report or correct abuse, neglect and other violations by a healthcare or treatment facility.

During the course of her employment with Defendant, Plaintiff observed violations by Defendant and its employees of laws, rules and regulations concerning the safe operation of the facility, particularly with regard to the safety of nurses working at the facility. Specifically, Plaintiff repeatedly reported safety violations regarding nurses being forced to be alone with violent sexual predators without a guard or other employee present. Plaintiff reported the safety violations in compliance with, and reliance on, the laws and rules of the State of Texas, as well as the policy and rules of Defendant, concerning obligations to report unsafe practices in the facility. Under the laws

2

of the State of Texas and the policies of the facility, Plaintiff should have been protected from

retaliation. She was not protected, however, and shortly after she made the report, Plaintiff was fired

by Defendant on a pretext to cover up unlawful retaliation.

5.

## CAUSES OF ACTION

Defendant is liable to Plaintiff under Texas Health & Safety Code §161.134 for retaliating

against Plaintiff in response to Plaintiff's good faith efforts to correct and report unsafe conditions at

the facility.   As described hereinabove, Plaintiff made a good faith report regarding conditions

which violated the appropriate rules governing safety within the center. After making the report and

in retaliation for her attempt to correct and report the ongoing violations, Plaintiff experienced

retaliation which culminated with the wrongful termination of her employment. Such conduct by

Defendant was the proximate and producing cause of damages to Plaintiff for which Defendant is

liable.

The policies and representations regarding anti-retaliation that were made and adopted by

Defendant, along with Defendant's policies requiring employees to report violations of company

rules or state or federal regulations were part of the at will employment agreement between Plaintiff

and Defendant and/or created a legal duty upon Defendant to comply with its responsibilities under

the policies, particularly, where, as here, an employee relied upon the policies and suffered retaliation

as a result. Defendant's failure to comply with its policies was the producing and proximate cause of

damage to Plaintiff. Defendant is, therefore, liable to Plaintiff for breach of contract and/or for the

tort of negligent misrepresentation.

6.

3

## DAMAGES

As a direct and proximate result of Defendant's actions, Plaintiff experienced damages, including lost wages and mental anguish, in excess of the minimum jurisdictional limits of this court, for which claim is hereby made. Defendant also acted with malice and intent, thereby entitling Plaintiff to recover exemplary and liquidated damages. Pursuant to the requirements of Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks to recover damages from Defendant in an amount between $200,000.00 and $1,000,000.00.

7.

## ATTORNEYS' FEES

Defendant's conduct, as described in this petition, and the resulting loss and damage to Plaintiff, has necessitated Plaintiff's retention of the attorneys whose names are subscribed to this petition. Plaintiff is, therefore, entitled to recover from Defendant an additional sum to compensate Plaintiff for a reasonable fee for such attorneys' necessary services and for the preparation and prosecution of this action, as well as reasonable fees for any and all necessary appeals.

8.

## PRAYER

WHEREFORE, Plaintiff prays that Defendant be served with process and that on final trial, Plaintiff be awarded a judgment against Defendant jointly and severally, for the following:

1. Actual damages;

2. Exemplary damages;

3. Pre-judgment and post-judgment interest as allowed by law;

4. Court costs;

4

5.  Attorneys' fees; and

6.  Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted.

JOHNSTON & MILLER
Attorneys at Law
1212 13th Street, Suite 101
Lubbock, Texas 79401
Telephone: (806) 785-1499
Facsimile: (806) 762-6901
Email:  jcraig@nts-online.net

By: /s/J. Craig Johnston
     J. Craig Johnston
     State Bar Number 00787784

ATTORNEYS FOR PLAINTIFF

5

**CORPORATE CREATIONS**®
Registered Agent • Director • Incorporation

Corporate Creations Network Inc.
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

December 18, 2017

CORRECT CARE SOLUTIONS, LLC DBA TX CCS HEALTHCARE, LLC
Erika P. Cotton  Corporate Paralegal
Correct Care Solutions, LLC
1283 Murfreesboro Rd.,  Suite 500
NASHVILLE  TN  37217

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note:  Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

**Item: 2017-719**

| | | |
|---|---|---|
| 1. | Client Entity: | CORRECT CARE SOLUTIONS, LLC DBA TX CCS HEALTHCARE, LLC |
| 2. | Title of Action: | Dreima Robinson vs. Correct Care Solutions, LLC |
| 3. | Document(s) Served: | Citation<br>Plaintiff's Original Petition |
| 4. | Court/Agency: | Lamb County 154th District Court |
| 5. | State Served: | Texas |
| 6. | Case Number: | DCV-19817-17 |
| 7. | Case Type: | Retaliation/Damages |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Friday 12/15/2017 |
| 10. | Date to Client: | Monday 12/18/2017 |
| 11. | # Days When Answer Due: 20<br>Answer Due Date: 1/4/2018 | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | SOP Sender:<br>(Name, Address and Phone Number) | Johnston & miller<br>Lubbock, TX<br>806-785-1499 |
| 13. | Shipped to Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | Not Applicable |
| 15. | Handled By: | 441 |
| 16. | Notes: | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**CITATION – Personal Service: TRC 99** *Delivery this 15th day of Dec. 20/7*

THE STATE OF TEXAS

ALAN ROSEN, Constable
Precinct #1 Harris County,
By ___Fred Wadsworth #5/1___

CAUSE NO. DCV-19817-17

TO: <u>CORRECT CARE SOLUTIONS</u> (or wherever he/she may be found)
Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M.on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 154th District Court – Littlefield, TX |
| Cause No.: | DCV-19817-17 |
| Date of Filing: | 11/20/2017 |
| Document: | PLAINTIFFS ORIGINAL PETITION |
| Style of Suit: | DREIMA ROBINSON V. CORRECT CARE SOLUTIONS, L.L.C. |
| | |
| Party or Party's Attorney: | J. CRAIG JOHNSTON |

Issued under my hand and seal of this said court on this the 20th day of November, 2017.

Stephanie Chester, District Clerk
Lamb County, Texas

BY: _Emily Costete_ , Deputy

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named CORRECT CARE SOLUTIONS in person a true copy of this citation, with attached copy(ies) of the PLAINTIFFS ORIGINAL PETITION at _____.

[ ] Not executed. The diligence use in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

| | |
|---|---|
| Service Fee: $ _____ | _____ Sheriff/Constable |
| | _____ County, Texas |
| Service ID No. _____ | _____ Deputy/Authorized Person |

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20___
_____Notary Public

\*\* Service by Rule 106 TRC if directed by attached Court Order
©TDCA 2009

# EXHIBIT 2

Filed 1/4/2018 2:59 PM
Stephanie Chester
District Clerk
Lamb County, Texas
Reviewed By: Stephanie Chester

## CAUSE NO. DCV-19817-17

| | | |
|---|---|---|
| **DREIMA ROBINSON,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **LAMB COUNTY, TEXAS** |
| | § | |
| **CORRECT CARE SOLUTIONS, LLC** | § | |
| | § | |
| **Defendant.** | § | **154TH JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Correct Care, LLC (incorrectly named in the Petition as Correct Care Solutions, LLC) ("Defendant") files this Original Answer and Affirmative Defenses in the above-styled and numbered cause, and in support thereof states as follows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies the allegations contained in Plaintiff's Original Petition, and demands strict proof thereof.

### II.
### AFFIRMATIVE DEFENSES

Defendant sets forth its defenses, including affirmative defenses, as follows:

1.      With respect to some or all of Plaintiff's claims, Plaintiff's Petition fails to state a claim upon which relief can be granted.

2.      Some or all of Plaintiff's claims are barred by the doctrines of estoppel, waiver, and ratification.

3.      Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

4.      Defendant would have made the same employment decisions with regard to Plaintiff in the absence of any discriminatory or retaliatory motive, and such motive is denied.

5.      All of Defendant's decisions and actions regarding Plaintiff were done in the exercise of proper managerial discretion, in good faith, and based on legitimate, non-discriminatory, and non-retaliatory reasons.

6.      If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendant's policies, and they were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

7.      At all times during Plaintiff's employment, Plaintiff was employed at will and could be discharged with or without cause, at any time, and for any reason.

8.      Plaintiff's claims are barred by the principles of accord and satisfaction.

9.      Defendant was not a party to an enforceable contract with Plaintiff.

10.     Plaintiff's claims are barred in whole or in part because the alleged contract is void for failure and lack of consideration.

11.     Plaintiff's breach-of-contract claim fails because there has been no breach by Defendant of the alleged contract.

12.     Plaintiff's negligent misrepresentation claim is barred, in whole or in part, by the defense of disclaimer of reliance.

13.     Plaintiff's negligent misrepresentation claim is barred, in whole or in part, by the economic-loss doctrine.

14.     Plaintiff's negligent misrepresentation claim is barred, in whole or in part, by the inferential rebuttal defenses of new and independent cause and sole proximate cause.

15.     Plaintiff's negligent misrepresentation claim is barred, in whole or in part, by the defense of contributory negligence.

16.     Defendant is not a hospital, mental health facility, or treatment facility within the meaning of Section 161.134(a) of the Texas Health and Safety Code and may not be held liable for any claims asserted under that statutory provision.

17.     Plaintiff did not make a sufficient report as required by Section 161.134(a) of the Texas Health and Safety Code, and thus Defendant may not be held liable for any claims asserted under that statutory provision.

18.     Plaintiff's alleged damages are barred and/or limited by the doctrine of after-acquired evidence.

19.     Defendant is entitled to an offset for any earnings since Plaintiff's employment terminated, including without limitation payments received from insurance carriers, workers' compensation benefits, or unemployment compensation benefits.

20.     Plaintiff has failed to take reasonable steps to mitigate her damages, if any. Accordingly, Plaintiff is barred from recovering any damages, or any recovery of damages must be reduced.

21.     Defendant engaged in good faith efforts to comply with applicable state and federal laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, Plaintiff fails to state a claim for punitive or liquidated damages.

22.     Plaintiff is not entitled to punitive damages since such damages are unconstitutional, arbitrary, unreasonable, excessive, and violate Defendant's rights under the

Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and Article One, Section 13 of the Texas Constitution, unless limited in accordance with TEX. CIV. PRAC. & REM. CODE ¶ 41.007.

23.     Plaintiff's damages claims are subject to the damage caps imposed by state and federal law.

24.     Plaintiff's pre-existing emotional, psychological, and physical condition prior to the alleged act(s) of misconduct was such that Defendant did not proximately cause or contribute in any manner to Plaintiff's alleged injuries or damages, and Defendant may not be held liable for any such alleged injuries or damages.

25.     Defendant reserves the right to assert additional affirmative defenses as they become apparent during the course of discovery in this lawsuit.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully requests that Plaintiff take nothing by way of her claims asserted in her Original Petition and that Defendant recover its costs expended herein.  Defendant further requests any and all further relief, at law or in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

*/s/ Gavin S. Martinson*
Gavin Martinson
State Bar No. 24060231
Gavin.Martinson@ogletreedeakins.com
Jeff T. Leslie
State Bar No. 24091294
Jeff.Leslie@ogletreedeakins.com
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500
Dallas, TX 75225-4324
Telephone: 214-987-3800
Facsimile:  214-987-3927

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 4, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to all counsel of record.


/s/ *Gavin S. Martinson*
Gavin S. Martinson